UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELI LILLY AND COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| TEVA PARENTERAL MEDICINES, INC., | ) |
| APP PHARMACEUTICALS, LLC, | )  No. 1:10-cv-01376-TWP-DKL |
| PLIVA HRVATSKA D.O.O., | ) |
| TEVA PHARMACEUTICALS USA INC., | ) |
| BARR LABORATORIES, INC., | ) |
| | ) |
| Defendants. | ) |

## ENTRY FOLLOWING FINAL PRETRIAL CONFERENCE

Plaintiff appeared by counsel Bruce Roger Genderson, Adam L. Perlman, Dov P. Grossman, David M. Krinsky, Jan M. Carroll and James P. Leeds.  Defendants appeared by counsel Emily L. Rapalino, Michael B. Cottler, Daryl L. Wiesen, Elaine Hermann Blais, E. Ashley Paynter, Kandi Kilkelly Hidde and Ali I. Ahmed.  David Moxley was the Court Reporter.  Parties appeared for final pretrial conference at the Indianapolis Courthouse.

This two week trial is scheduled to commence on August 19, 2013 at 9:00 a.m. in Courtroom 344, Birch Bayh Federal Building and United States Courthouse, Indianapolis, Indiana. The doors to the courtroom will be unlocked no later than 8:00 a.m. each day. The lawyers are to arrive no later than 8:30 a.m. on the first day of trial so that proceedings may begin promptly at 9:00 a.m. At the final pretrial conference, the trial of this case was discussed and the following rulings were made and directions given pursuant to Trial Rule 16:

1. The trial of this matter involves the patent infringement dispute between the Plaintiff and Defendants concerning the '209 patent for pemetrexed disodium, a chemotherapy drug

sold by Lilly under the trademark ALIMTA®. The issues for trial have been stipulated by the parties (Dkt. 233). Infringement has been stipulated, therefore, Defendants bear the burden of proof on the remaining issues at trial.

2. The Court reviewed each party's revised witness list (Dkt. 242 and 230) and the nature of each witness' proposed testimony.  The parties anticipate they will exchange the order of witnesses that each intends to call by August 12, 2013, subject to the scheduling constraints of the witnesses.   There were no objections to any of the witnesses.

3. Discussion was held regarding the parties' exhibit lists (Dkt. 274 and 275). The parties presented their exhibit lists and there were no specific objections to any of the exhibits. As per the stipulated trial procedures (Dkt. 284) parties have agreed on the procedure for exchange of demonstrative exhibits, inspection of physical exhibits, use of each other's exhibits, use of exhibits for impeachment purposes, and authenticity. Presently there are no objections on file with respect to exhibits, but parties have agreed that any objections to the exhibits designated by another party to be used on direct examination will be provided to the other party no later than 8:30 p.m. on the day prior to the exhibits intended use.  The Court determined that whenever possible, parties shall give advance notice of exhibits that will be used in cross-examination. Further, copies of demonstrative exhibits shall be submitted into the record. Any objections to the admission of demonstrative exhibits into the record will be made at trial.

4. Rulings have been issued on all previously filed motions *in limine* at Dkt. 285.

5. Settlement: The Court inquired as to whether settlement was possible, and the parties indicated their intent to proceed to trial.

6. The parties requested 45 minutes to one hour for opening statements. Plaintiff requested an additional 30 minutes for each party to provide the Court with an objective tutorial prior to opening statements, to which Defendants objected. The Court took these requests under advisement.

7. Stipulations were discussed. The parties advised the Court they are working on stipulations of fact, in addition to the stipulations filed at Dkt. 187. Stipulations will be filed at least one week prior to trial.

8. The Defendant orally moved for separation of fact witnesses, which was granted by the Court. Fact witnesses may not be in the Courtroom and may not discuss their testimony either before or after it is given. Fact witnesses may remain in the Courtroom following their testimony. Sequestered witnesses shall report to Room 345. Plaintiff is responsible for policing the separation of its witnesses. Defendants do not intend to call any fact witnesses.

9. The logistics of trial were discussed. The Court will abide by the rule of "one lawyer per witness" for each witness throughout the proceedings. With the exception of August 21, 2013, trial will be held each day from 9:00 a.m. until between 4:30-5:30 pm. The goal is to allow the witness who is on the stand at 4:30 pm to complete their testimony so that a witness will not have to return the next day. On Wednesday, August 21, 2013 the proceedings will adjourn at noon. During trial, the parties may each utilize a room at the rear of the courtroom.

10. Following the close of evidence, the parties will submit post-trial briefs. Following its review of the briefings, the Court will determine whether closing arguments will be necessary.

SO ORDERED.

Date: 08/01/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Anne N. DePrez
BARNES & THORNBURG LLP
adeprez@btlaw.com

Jan M. Carroll
BARNES & THORNBURG LLP
jan.carroll@btlaw.com

Briana Lynn Clark
BINGHAM GREENEBAUM DOLL LLP
bclark@bgdlegal.com

David O. Tittle
BINGHAM GREENEBAUM DOLL LLP
dtittle@bgdlegal.com

E. Ashley Paynter
BINGHAM GREENEBAUM DOLL LLP
apaynter@bgdlegal.com

Kandi Kilkelly Hidde
BINGHAM GREENEBAUM DOLL LLP
khidde@bgdlegal.com

Natasha E. Daughtrey
GOODWIN PROCTER LLP
ndaughtrey@goodwinprocter.com

Brian J. Prew
GOODWIN PROCTER, LLP
bprew@goodwinprocter.com

Daryl L. Wiesen
GOODWIN PROCTER, LLP
dwiesen@goodwinprocter.com

Elaine Herrmann Blais
GOODWIN PROCTER, LLP
eblais@goodwinprocter.com

Emily L. Rapalino
GOODWIN PROCTER, LLP
erapalino@goodwinprocter.com

Eric H. Yecies
GOODWIN PROCTER, LLP
eyecies@goodwinprocter.com

Gauri M. Dhavan
GOODWIN PROCTER, LLP
gdhavan@goodwinprocter.com

Jonathan E. Grossman
GOODWIN PROCTER, LLP
jgrossman@goodwinprocter.com

Michael B. Cottler
GOODWIN PROCTER, LLP
mcottler@goodwinprocter.com

Andrew V. Trask
WILLIAMS & CONNOLLY
atrask@wc.com

Adam L. Perlman
WILLIAMS & CONNOLLY LLP
aperlman@wc.com

Bruce Roger Genderson
WILLIAMS & CONNOLLY LLP
bgenderson@wc.com

David M. Krinsky
WILLIAMS & CONNOLLY, LLP
dkrinsky@wc.com

Dov P. Grossman
WILLIAMS & CONNOLLY, LLP
dgrossman@wc.com

Ellen E. Oberwetter
WILLIAMS & CONNOLLY, LLP
eoberwetter@wc.com

Megan A. Hughes
WILLIAMS & CONNOLLY, LLP
mhughes@wc.com