**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| ELI LILLY AND COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:10-cv-01376-TWP-DKL |
| | ) |
| TEVA PARENTERAL MEDICINES, INC., | ) |
| APP PHARMACEUTICALS, LLC, | ) |
| PLIVA HRVATSKA D.O.O., | ) |
| TEVA PHARMACEUTICALS USA INC., | ) |
| BARR LABORATORIES, INC., | ) |
| | ) |
| Defendants. | ) |

**ENTRY ON DEFENDANTS' MOTION TO EXCLUDE**
**TESTIMONY OF DR. A. HILLARY CALVERT**

This matter is before the Court on Defendants' Teva Parenteral Medicines, Inc., APP Pharmaceuticals, LLC, Pliva Hrvatska D.O.O., Teva Pharmaceuticals USA, Inc., and Barr Laboratories, Inc., (collectively, "Defendants") Motion to preclude Plaintiff Eli Lilly and Company ("Lilly") from relying upon portions of the deposition testimony of Dr. A. Hilary Calvert ("Dr. Calvert") which Defendants' assert is inadmissible (Dkt. 304).  Defendants seek to exclude certain deposition testimony of Dr. Calvert designated by Lilly on the basis that the testimony concerns subjects that fall outside the scope of permissible topics as ordered by an English court, and because the testimony relates to exhibits used by Lilly at Dr. Calvert's deposition that had not previously been disclosed to Defendants.  In addition, Defendants ask the Court to exclude certain testimony on the basis that it is speculative or is hearsay.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Dr. Calvert is an oncologist, clinical pharmacologist, and researcher in the field of antifolate drug development who currently resides in the United Kingdom. He was involved in much of the early work on pemetrexed and other antifolates, having served as an external advisor on Lilly's Antifolate Advisory Panel ("the Advisory Panel"). He is also an author of several of the key prior art references that Defendants' experts have relied upon in this case.

Defendants sought to depose Dr. Calvert, and this Court issued a Letter of Request pursuant to the Hague Convention on May 14, 2013. Following a series of disputes between the parties and opposition from Lilly, the English court issued an order allowing the deposition to go forward, but under specific terms. The English court "blue lined" the Letter of Request which narrowed the topics that could be addressed during the deposition, and required that Defendants disclose to Dr. Calvert's and Lilly's counsel, the exhibits they intended to use during the deposition. Dkt. 304-5. The English court appointed an "Examiner" to attend and supervise the deposition, and ordered that only those questions relevant to the subject matter listed in Appendix B to the English court's order could be asked at the deposition. The English court also ordered the Examiner to permit only questions that would be proper under the laws of the High Court of Justice of England and Wales. Dkt. 304-5 at 3.

Defendants disclosed the exhibits to be used during the deposition to Dr. Calvert and Lilly by August 3, 2013, and they deposed Dr. Calvert on August 8, 2013. According to Dr. Calvert, he had met with counsel for Lilly to prepare for his deposition on August 7, 2013 and discussed certain documents that would be used at Dr. Calvert's deposition. Lilly did not notify Defendants that it intended to use these documents at the deposition. Defendants assert that they limited the scope of their examination to the topics limited by the English court; however, they

2

argue that during Lilly's examination of Dr. Calvert, Lilly inquired about seven undisclosed exhibits and questioned Dr. Calvert on topics exceeding the scope of those listed in Appendix B of the English court's order.  Defendants also allege that Lilly elicited "highly speculative" testimony from Dr. Calvert regarding what other individuals said about what they thought or believed.  During the deposition, Defendants objected to both the use of the exhibits and the scope of the questioning to the Examiner.  The Examiner allowed Lilly to use the exhibits, and ruled on the Defendants' objections to Lilly's questions.

## II. DISCUSSION & REASONING

Defendants are essentially asking the Court to review the rulings of the Examiner and sanction Lilly under the Federal Rules of Civil Procedure for conduct which they allege violates the English court's order.  There are several problems with this request that make such a ruling inappropriate.  First, with regard to the issue of Lilly's failure to provide notice to Defendants of the exhibits it intended to use during Dr. Calvert's deposition, the order issued by the English court only ordered Defendants' to provide notice. The English Court did not order Lilly to provide notice of its intended exhibits. Defendants argue that "fundamental fairness" requires that Lilly abide by the same disclosure requirements. However, Defendants had the opportunity to request that this provision in the English court's order be made mutual.  A written request could have been made and an oral request could have been made at the hearing on Lilly's objections to the original order requiring Dr. Calvert's deposition that was held on July 30, 2013. Defendants request essentially asks this Court to modify the order of the English court, after the fact. Moreover, the purpose of the disclosure was for Dr. Calvert's benefit, not Lilly's, to ensure that Dr. Calvert was familiar with the exhibits upon which he may be asked to testify.  Lilly provided Dr. Calvert with the exhibits it intended to use prior to the deposition, and the

Examiner, apparently satisfied with the fact that Dr. Calvert had previously seen the documents, allowed their use.

Second, the English court's order states that the deposition was to be conducted in accordance with UK Civil Procedure Rules 1998, not the Federal Rules of Civil Procedure. If any violations of the English court's order had occurred, it would not be proper to issue a sanction under the Federal Rules of Civil Procedure because the parties were not acting pursuant those rules in conducting the deposition. In addition, Federal Rule of Civil Procedure 37(b)(2) only provides for discovery sanctions where a party fails to obey an order to provide or permit discovery, which is not the case here. The issuance of sanctions for alleged violations of a foreign jurisdiction's order would be a stretch of the Federal Rules of Civil Procedure, and Defendants cite to no authority in which a U.S. federal court has done so.

Third, the English court appointed an Examiner for purposes of prohibiting questioning which could not properly be asked "in the opinion of the Examiner." Dkt. 304-5 at 2. Defendants had the opportunity to object to Lilly's questioning based upon the scope of the question, and the Examiner ruled upon those objections by permitting some questions and disallowing others based upon the topics outlined in Appendix B. If Defendants believed that the Examiner's rulings were not in accordance with the English court's order, Defendants' should have gone back to the court that issued the order, rather than ask this Court to make such a determination. The Court finds no significance in the Examiner's instruction to "take that up with the judge in America;" such a statement does not give this Court any additional authority to issue rulings based upon the English court's order. Additionally, there is no rule of U.S. or federal procedure that requires advance notice of deposition exhibits.

4

For these reasons, the Court finds that the sanction of exclusion of Dr. Calvert's deposition testimony is not warranted based upon Lilly's failure to give notice of the exhibits to Defendants prior to the deposition, or based upon Lilly allegedly exceeding the scope of the topics set forth in the English court's order.

Finally, it is clear that Courts in the United States permit broader discovery than those in the United Kingdom. This Court will rule upon the objections to the admissibility of the designated testimony during the trial in accordance with the Federal Rules of Civil Procedure and Evidence, not the English court's order.

With regard to the Defendants' request to exclude portions of Dr. Calvert's testimony based on speculation and hearsay, the Court finds the testimony is admissible. Lilly argues that Dr. Calvert's testimony is not being offered for the truth of the matter asserted, but rather what he observed while he was a member of the Advisory Panel. Because this is a bench trial, there is no risk of confusion to the fact finder, and to the extent that any of the designated testimony introduced at trial does constitute hearsay, the Court will not consider the testimony in making its ruling. For any testimony which the Court deems to be speculative, this will go to the weight the Court gives to the evidence, not its admissibility.

### III.  CONCLUSION

For the reasons set forth above, Defendants' Motion (Dkt. 304) is **DENIED**.

**SO ORDERED.**

Date:  08/22/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jan M. Carroll
BARNES & THORNBURG LLP
jan.carroll@btlaw.com

Michael B. Cottler
GOODWIN PROCTER, LLP
mcottler@goodwinprocter.com

Anne N. DePrez
BARNES & THORNBURG LLP
adeprez@btlaw.com

Bruce Roger Genderson
WILLIAMS & CONNOLLY LLP
bgenderson@wc.com

Dov P. Grossman
WILLIAMS & CONNOLLY, LLP
dgrossman@wc.com

Jonathan E. Grossman
GOODWIN PROCTER, LLP
jgrossman@goodwinprocter.com

Kandi Kilkelly Hidde
BINGHAM GREENEBAUM DOLL LLP
khidde@bgdlegal.com

Megan A. Hughes
WILLIAMS & CONNOLLY, LLP
mhughes@wc.com

David M. Krinsky
WILLIAMS & CONNOLLY, LLP
dkrinsky@wc.com

Ellen E. Oberwetter
WILLIAMS & CONNOLLY, LLP
eoberwetter@wc.com

Adam L. Perlman
WILLIAMS & CONNOLLY LLP
aperlman@wc.com

Emily L. Rapalino
GOODWIN PROCTER, LLP
erapalino@goodwinprocter.com

David O. Tittle
BINGHAM GREENEBAUM DOLL LLP
dtittle@bgdlegal.com

Daryl L. Wiesen
GOODWIN PROCTER, LLP
dwiesen@goodwinprocter.com

Eric H. Yecies
GOODWIN PROCTER, LLP
eyecies@goodwinprocter.co